UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNY TURNBOE,

       Plaintiff,

v.

                                Case No. 14-12941
                                Hon. Gerald E. Rosen
                                Magistrate Judge Mona K. Majzoub

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

      At a session of said Court, held in
      the U.S. Courthouse, Detroit, Michigan
      on      September 30, 2015

      PRESENT:    Honorable Gerald E. Rosen
                           Chief Judge, United States District Court

On July 2, 2015, Magistrate Judge Mona K. Majzoub issued a Report and Recommendation ("R & R") recommending that the Court grant in part and deny in part Plaintiff Johnny Turnboe's motion for summary judgment, deny the Defendant Commissioner of Social Security's motion for summary judgment, and remand this matter to the Defendant Commissioner under sentence six of 42 U.S.C. § 405(g) for consideration of new evidence obtained by Plaintiff after the conclusion of the administrative proceedings. Defendant does not object to the

Magistrate Judge's recommendations, but Plaintiff, who is proceeding *pro se,* filed objections to the R & R on July 20, 2015, and Defendant responded to these objections on August 3, 2015.  Upon reviewing the R & R, Plaintiff's objections, Defendant's response to these objections, the parties' underlying cross-motions for summary judgment, and the record as a whole, the Court overrules Plaintiff's objections and adopts the R & R in its entirety.

As noted by Defendant, the bulk of Plaintiff's objections to the R & R merely rehash the arguments advanced in Plaintiff's underlying summary judgment motion, and the Court is satisfied that the Magistrate Judge fully addressed and correctly resolved each of these points in the R & R.  In particular, to the extent that Plaintiff continues to maintain that the Administrative Law Judge ("ALJ") erred in finding that his impairments did not equal Listings 1.02, 14.09A, or Listing 1.04 of the Listing of Impairments, the Magistrate Judge thoroughly addressed these very same contentions in the R & R, (*see* R & R at 10-13), and Plaintiff has not identified any deficiencies in the Magistrate Judge's analysis of these issues.[1]  Likewise, the Magistrate Judge comprehensively reviewed the

---

[1] Plaintiff does lodge a specific objection to the R & R at one point, suggesting that the Magistrate Judge erred in stating that "none of Plaintiff's doctors included a diagnosis of sciatica in his . . . medical records." (R & R at 13.)  Yet, upon reviewing the exhibit (C4F) identified by Plaintiff as purportedly refuting the Magistrate Judge's statement, the Court has been unable to locate any physician's diagnosis of sciatica in this exhibit, nor does the exhibit appear to include the specific language that Plaintiff purports to quote from it.

ALJ's assessment of Plaintiff's credibility and found "no reason for the Court to disturb this finding," (R & R at 15-17), and Plaintiff's bare repetition of the very same arguments raised in his underlying summary judgment motion and addressed in the R & R provides no basis for the Court to reject the Magistrate Judge's analysis and recommended disposition of these challenges to the ALJ's credibility determination.

Next, Plaintiff's objections feature a new challenge to the ALJ's decision — namely, that the ALJ failed to fully develop the administrative record by securing an opinion from a state agency physician regarding Plaintiff's functional abilities, and by reaching out to Plaintiff's treating physician to obtain additional information or clarification concerning Plaintiff's medical condition. As Defendant observes in response, however, Plaintiff did not raise this argument in his underlying summary judgment motion, and the Court generally is precluded from considering new arguments or issues that were not presented to the Magistrate Judge in the first instance. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000); *Fielder v. Commissioner of Social Security,* No. 13-10325, 2014 WL 1207865, at *1 (E.D. Mich. March 24, 2014).

Finally, Plaintiff takes issue with the Magistrate Judge's finding that only some of the new evidence introduced by Plaintiff, but not other portions of this

new evidence, satisfies the standards for ordering a remand under sentence six of 42 U.S.C. § 405(g). Yet, as Defendant points out in response, neither party has objected to the Magistrate Judge's recommendation that a sentence six remand is warranted here. Accordingly, Defendant correctly observes that "the new evidence that Plaintiff submitted will be appropriately considered and weighed by an ALJ" on remand, (Defendant's Response to Plaintiff's Objections at 3), and it follows that Plaintiff's objection on this score, even if accepted, would not alter the outcome of this case.

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's July 20, 2015 objections (docket #34) to the Magistrate Judge's R & R are OVERRULED, and that the Magistrate Judge's July 2, 2015 Report and Recommendation (docket #33) is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED, for the reasons stated in the R & R, that Plaintiff's November 10, 2014 motion for summary judgment (docket #22) is GRANTED IN PART and DENIED IN PART, and that Defendant's January 14, 2015 motion for summary judgment (docket #26) is DENIED. Finally, in accordance with the recommendations set forth in the R & R, Plaintiff's September 29, 2014 motion for summary judgment (docket #11) is DENIED AS MOOT, and Plaintiff's May 4, 2015 motion to allow additional

response (docket #31) is DENIED.

                            s/Gerald E. Rosen
                            Chief Judge, United States District Court

Dated: September 30, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2015, by electronic and/or ordinary mail.

                            s/Julie Owens
                            Case Manager, (313) 234-5135